UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RSUI GROUP, INC. and COVINGTON SPECIALTY INSURANCE GROUP,<br><br>    Plaintiffs,<br><br>v.<br><br>DAVID MCCONNELL<br><br>and<br><br>CS&L INVESTMENTS, INC.<br><br>and<br><br>CENTRAL STATES SOUTHEAST & SOUTHWEST AREAS HEALTH & WELFARE FUND,<br><br>    Defendants. | Case No. 4:18-cv-00644-NKL |

**ORDER**

Defendants CS&L Investments, Inc. and David McConnell ("Defendants") move to dismiss this declaratory judgment action by plaintiffs RSUI Group Inc. and Covington Specialty Insurance Group in light of a garnishment proceeding that Defendants brought in state court against, *inter alia*, Plaintiffs. Plaintiffs subsequently moved for leave to file a supplemental response in opposition to the motion to dismiss. For the reasons set forth below, the Court denies the motion for leave to file a supplemental response and grants Defendants' motion to dismiss.

I. BACKGROUND

In February 2016, McConnell allegedly was stabbed by another customer at a nightclub owned and operated by CS&L, for which another entity, Vangard Security Services, provided security. Doc. 30-2 (Petition to Recover Insurance Proceeds Under RSMO §379.200), ¶ 10.

1

McConnell made claims against the entity that allegedly insured CS&L, RSUI and Covington, as well as the company that allegedly insured Vangard. *Id.*, ¶¶ 11-12, 14. The Central States Southeast & Southwest Areas Health & Welfare Fund (the "Fund"), an employee welfare benefit plan, asserted a lien and right to subrogation under the policies provided by Covington and Vangard's insurer for benefits paid to McConnell, a covered fund member and insured, in connection with his injuries from the attack. *Id.*, ¶ 13. Both Covington, by and through RSUI, and Vangard's insurer denied coverage and refused to defend CS&L against McConnell's claims. *Id.*, ¶¶ 14-15.

McConnell and CS&L agreed to arbitrate their dispute. The arbitration resulted in an award of $3 million to McConnell against CS&L, and the Circuit Court of Cass County, Missouri confirmed that award on October 17, 2018. On November 19, 2018, McConnell filed the equitable garnishment proceeding in state court against CS&L, Covington, RSUI, Vanguard's insurer, and the Fund. Doc. 30-2.

The plaintiffs filed this case on August 17, 2018, seeking declaratory judgment with respect to their rights and obligations vis-à-vis McConnell, CS&L, and the Fund. On the same day that Defendants filed this motion to dismiss, Plaintiffs filed a motion for summary judgment, briefing for which has since been stayed. Doc. 29.

On January 3, 2019, Plaintiffs filed a motion for leave to file a supplemental response in opposition to Defendants' motion to dismiss, stating that Plaintiffs learned on January 2 that McConnell had dismissed the Fund from the state court action. Doc. 39.

II.  DISCUSSION

Although Defendants concede that the state court and federal court proceedings at issue here are "not entirely parallel," and therefore may not *require* abstention under Eighth Circuit

2

precedent, they nonetheless argue that the proceedings "are [so] obviously related" as to warrant the Court's exercising its discretion to abstain. Doc. 30, p. 6.

The Court must consider six factors in determining whether to abstain because of the related state court proceeding:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue;
>
> (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding;
>
> (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts;
>
> (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;
>
> (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and
>
> (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998-99 (8th Cir. 2005) (quotation marks and citation omitted).

The Court considers the first, second, and fifth factors—whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue, whether the declaratory judgment will terminate the uncertainty, insecurity, and controversy giving rise to the federal proceeding, and whether permitting the federal action to proceed would result in unnecessary entanglement between the federal and state court systems—together. Although this action could clarify and settle the legal relations between the parties here, it would address only a portion of the issues before the state court. The state court, on the other hand, is in the unique

position of being able to resolve all of the various claims that have been asserted in connection with the attack on Mr. McConnell. In addition, overlap between the issues raised here and in the state court action, as well as in a third proceeding, a case brought by Vangard's insurer against the defendants here (*West Bend Mut. Ins. Co. v. CS&L Invs., Inc.*, No. 18-00719-NKL), raises a risk of "entry of conflicting orders, which would not help clarify and settle legal relations, nor afford relief from uncertainty, insecurity, and controversy." *Safe Auto Ins. Co. v. Escabusa*, No. 2:15-04224-NKL, 2016 WL 1090646, at *5 (W.D. Mo. Mar. 18, 2016). Each case involves similar issues concerning the parties' rights and obligations under the relevant insurance policies. Although RSUI and Covington have not yet sought in state court the declaratory relief that they seek here with respect to Covington's duty to defend, they do not suggest that they cannot do so. Similarly, although the Fund has asserted claims in this action, RSUI and Covington do not suggest that those claims could not be asserted in the state court proceeding, even in spite of McConnell's dismissal of the Fund in the state court proceeding.[1] For these reasons, and given that courts prefer to avoid piecemeal adjudication (*see, e.g., Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 391 (5th Cir. 2003) ("A federal district court should avoid duplicative or piecemeal litigation where possible."); *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998) (discouraging use of declaratory judgment actions "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy") (quotation marks and citation omitted)), the Court finds that the first, second, and fifth factors favor abstention.

The third factor, the strength of the state's interest in having the issues raised in this action resolved by the state court, also favors abstention. Both the state and federal court actions concern

---

[1] The Court has reviewed Plaintiffs' motion for leave to file a supplemental response in opposition to the motion to dismiss (Doc. 39), but denies leave to file the supplemental response (Doc 39-1) because it would not change the Court's analysis or conclusion.

only the interpretation of insurance policies—a matter of state, not federal, law. *See, e.g., Gohagan v. Cincinnati Ins. Co.*, 809 F.3d 1012, 1015 (8th Cir. 2016) ("Interpretation of an insurance policy is a matter of state law."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000) (noting, in concluding that "the state court was in the better position to adjudicate the matter," that "both actions were governed solely by state law").

The fourth factor, whether the issues raised in the federal action can be resolved more efficiently in the state court, also weighs in favor of abstention because the federal action would require some duplicative and even possibly unnecessary work. The state court will need to decide issues based on many of the same facts regardless of whether this declaratory judgment action proceeds. Furthermore, if the state court were to conclude that McConnell cannot establish entitlement to equitable garnishment, Plaintiffs' requests for declaratory relief in this case would become moot. *Safe Auto*, 2016 WL 1090646, at *4. Thus, efficiency favors consolidating the related claims in state court.

As for the final factor, Defendants do not suggest that the plaintiffs brought this action merely for the purpose of procedural fencing, which weighs in favor of not abstaining. Nonetheless, because each of the other *Scottsdale* factors favors abstention, abstention is warranted.

The Court is not swayed by Covington's argument that the fact that this action was filed before the state court garnishment action was commenced should preclude abstention. The Eighth Circuit has found abstention to be "required even when the declaratory judgment action was filed months before the state-court action." *W. Heritage Ins., Co. v. Sunset Sec., Inc.*, 63 F. App'x 965, 967 (8th Cir. 2003); *see also Haverfield*, 218 F.3d at 875 (8th Cir. 2000) (holding, despite the fact that the insurer's federal declaratory judgment action was filed six months before the state court

5

action, that "the state court was in the better position to adjudicate the matter" and the district court therefore should have abstained). Moreover, the insurers' ability to file a declaratory judgment action long before a garnishment action could be filed (*see* Mo. Rev. Stat. § 379.200) should not be a decisive factor with respect to the appropriate forum for the case.

The Court also is not persuaded by RSUI's and Covington's argument that the fact that they filed a summary judgment motion should weigh in favor of retaining jurisdiction. They filed that motion at the outset of this case, on the same day that Defendants filed the motion to dismiss, several months before the deadline for dispositive motions. Moreover, in fairly short order, they will be in a position to raise in state court the very same motions and issues they have raised here.

A stay is the preferred mode of abstention "where the possibility of a return to the federal court remains," but when the court "see[s] no reason for the case to return to federal court," dismissal is appropriate. *Haverfield*, 218 F.3d at 875 n.2 (8th Cir. 2000). Here, the scope of the state proceedings is broad enough to fully and efficiently resolve the defenses that RSUI and Covington assert, as well as any claims for declaratory relief that they may bring, and also any claims that the Fund may assert. Because the Court foresees "no reason for the case to return to federal court," the Court finds dismissal, rather than a stay, appropriate. *Id*.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' motion for leave to file a supplemental response in opposition to the motion to dismiss is DENIED and Defendants' motion to dismiss is GRANTED. The Court will simultaneously dismiss the action *West Bend Mut. Ins. Co. v. CS&L*

*Invs., Inc.*, No. 18-00719-NKL, to permit the resolution in a single forum—the forum with the strongest interest in applying Missouri law—of all related issues.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 8, 2019
Jefferson City, Missouri